IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| DOMINION VENTURES, LLC, | Case No. 11-12282 (CSS) |
| Debtor. | **Re: Docket Nos. 36 & 38** |

**REPLY IN SUPPORT OF
DEBTOR'S MOTION PURSUANT TO
SECTIONS 105(A) AND 363(C) OF THE BANKRUPTCY
CODE FOR ORDER AUTHORIZING: (A) CONTINUED USE OF CASH
MANAGEMENT SYSTEM AND PROCEDURES; (B) MAINTENANCE
AND CONTINUED USE OF EXISTING BANK ACCOUNTS; AND (C) WAIVER
OF CERTAIN OPERATING GUIDELINES RELATING TO BANK ACCOUNTS**

Dominion Ventures, LLC (the "Debtor"), as debtor and debtor in possession in the above-captioned case, by and through its undersigned counsel, hereby files this reply (the "Reply") in support of its Motion Pursuant to Sections 105(a) and 363(c) of the Bankruptcy Code for Order Authorizing: (a) Continued Use of Cash Management System and Procedures; (b) Maintenance and Continued Use of Existing Bank Accounts; and (c) Waiver of Certain Operating Guidelines Relating to Bank Accounts [Docket No. 36] (the "Motion") and in opposition to the objection to the Motion [Docket No. 38] (the "Objection") filed by certain purported creditors/equity holders of the Debtor (collectively, the "Objectors").[1]

**BACKGROUND**

1. On July 19, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is operating its business and

---

[1] As of the date of this Reply, the Objectors have not filed a verified statement of representation in accordance with Bankruptcy Rule 2019.

managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed in this case.[2]

3. On October 14, 2011, the Debtor filed the Motion.[3]

4. On October 31, 2011, the Objectors filed the Objection.[4]

5. Prior to the Petition Date, certain of the Objectors commenced an action in the Chancery Court of the State of Delaware (the "Chancery Court") against three (3) of the Debtor's principals (the "Chancery Court Action"). The Debtor was named as a nominal defendant in the Chancery Court Action.

6. On or about August 8, 2011, the Chancery Court stayed the Chancery Court Action.

7. For the reasons set forth below, the Debtor respectfully requests that the Court overrule the Objection and grant the Motion.

## ARGUMENT

8. By the Motion, the Debtor requests relief which is not uncommon in this Court and, in fact, may be provided "without notice and hearing" under Rule 2015-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[2] Although the Objectors indicate that "[a] request has been made, recently, seeking the creation of a [sic] Equity Security Holders Committee and removal of the Debtor-in-Possession[,]" the Debtor is not aware of any such request. Moreover, no such request appears on the docket of this case.

[3] Each capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

[4] On November 2, 2011, after the objection deadline, the Objectors filed certain exhibits related to the Objection.

Delaware (the "Local Rules").[5] The Debtor respectfully asserts that adequate grounds are set forth in the Motion to support such relief. Moreover, the additional protections articulated below further support granting the relief requested.

9. Specifically, the Motion requests permission to continuing using four (4) existing Bank Accounts at two (2) different banks to prevent disruption to its current Cash Management System and reduce administrative costs to the Debtor. It should be noted that one of the banks, Fifth Third Bank, is a signatory to the Office of the United States Trustee's ("U.S. Trustee's") Uniform Depository Agreement (the "UDA"). The other bank, The Bank of New Jersey, is not a signatory to the UDA; however, the Debtor has conferred with the U.S. Trustee and agreed to "use its good-faith efforts" to cause The Bank of New Jersey to execute the UDA within forty-five (45) days of the Court's entry of an order granting the Motion.[6]

10. In addition to the foregoing safeguards requested by the U.S. Trustee, the Debtor has filed monthly operating reports for every month since the Petition Date as provided by the U.S. Trustee Guidelines [Docket Nos. 33 & 37] (collectively, the "Monthly Operating Reports").[7] The Monthly Operating Reports contain copies of the bank statements and

---

[5] With respect to debtor bank accounts and checks, Local Rule 2015-2 provides:

> Where the debtor uses pre-printed checks, upon motion of the debtor, the Court may, without notice and hearing, permit the debtor to use its existing checks without the designation "Debtor-in-Possession" and use its existing bank accounts. However, once the debtor's existing checks have been used, the debtor shall, when reordering checks, require the designation "Debtor-in-Possession" and the corresponding bankruptcy number on all such checks.

DEL. L.R. 2015-2(a).

[6] Attached hereto as **Exhibit A** is a revised form of Order incorporating informal comments of the U.S. Trustee (the "Revised Order"). Attached hereto for the Court's convenience as **Exhibit B** is a blackline of the Revised Order reflecting those modifications to the original form of proposed order submitted with the Motion.

[7] The October Monthly Operating Report is not due until November 20, 2011.

reconciliation reports for the Bank Accounts which are the subject of the Motion. Accordingly, the U.S. Trustee and any other interested party are able to review on a regular and frequent basis the exact flow of funds into and out of the Bank Accounts at issue.

11.     Simply put, the Objection is a procedurally-improper attempt by the Objectors to introduce the stayed Chancery Court Action into this Court. While the Objection is rife with allegations of fraud and wrongdoing against the Debtor's principals, as the Objectors should be aware, there are other adequate and procedurally proper mechanisms to address such allegations, to which the Debtor reserves all of its rights.[8]

## NOTICE

12.     Notice of this Reply has been given to: (i) the Office of the United States Trustee; (ii) counsel for the Objectors; and (iii) any parties who have filed requests for notice under Bankruptcy Rule 2002 as of the date of service of such notice. The Debtor submits that under the circumstances no further notice is necessary.

## CONCLUSION

13.     In addition to the foregoing, and for all of the reasons set forth in the Motion, the relief requested in the Motion is in the best interest of the Debtor's estate and any concerns that the Objectors may have are mitigated by the Revised Order and the Monthly Operating Reports.

---

[8]     While the Debtor has not responded in this Reply to each specific allegation contained in the Objection for the reasons set forth herein, it reserves the right to address and dispute, if necessary and in the proper procedural context, any such allegations.

WHEREFORE, the Debtor respectfully requests that the Court enter the Revised Order (i) granting the Motion; (ii) overruling the Objection; and (iii) granting the Debtor such other and further relief as the Court deems just and proper.

Dated: November 4, 2011  
       Wilmington, Delaware

Respectfully submitted,

PINCKNEY, HARRIS & WEIDINGER, LLC

  /s/ **Kevin M. Capuzzi**  
Donna L. Harris (DE No. 3740)  
Gregory T. Donilon (DE No. 4244)  
Kevin M. Capuzzi (DE No. 5462)  
1220 North Market Street, Suite 950  
Wilmington, Delaware 19801  
(302) 504-1497 telephone  
(302) 655-5213 facsimile

*Counsel to the Debtor*